## NATIONAL LABOR RELATIONS BOARD v. BROWN & SHARPE MFG. CO.
### No. 4336.

United States Court of Appeals
First Circuit.

June 30, 1950.

Mozart G. Ratner, Attorney, Washington, D. C. (David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, and Melvin Pol-

lack, Attorney, all of Washington, D. C., on the brief), for petitioner.

Eugene J. Phillips, Providence, R. I. (Dana M. Swan, Francis B. Keeney, Jr., and Swan, Keeney & Smith, all of Providence, R. I., on the brief), for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and FRANK (by special assignment), Circuit Judges.

WOODBURY, Circuit Judge.

After appropriate proceedings, the National Labor Relations Board in a decision dated July 31, 1947, concluded on the basis of specific findings of fact (a) that the respondent's time-study men were "employees" within the meaning of § 2(3) of the National Labor Relations Act, 29 U.S. C.A. § 152(3), and (b) that the respondent by refusing to bargain with the Union which had been duly certified as the representative of these employees had violated § 8(1) and (5) of the above Act, 29 U.S. C.A. § 158 (1, 5). Wherefore it ordered the respondent to cease and desist from the unfair labor practices found, to bargain collectively with the Union upon request, and to post the usual appropriate notices. The amendments of the National Labor Relations Act embodied in the Labor Management Relations Act, 1947, 29 U.S.C.A. § 151 et seq., became effective on August 22, 1947, and subsequent thereto the Board petitioned this court for enforcement of its order.

On that petition this court held [1] that the respondent's time-study men, excluding their supervisors, were clearly "employees" as that word was defined in the original Wagner Act, and hence we concluded that they were entitled to the organizational privileges which that Act conferred. And then, largely on the basis of legislative history, we further concluded that the amendments made in the interim in the above Act by the Taft-Hartley Act, did not have the effect, as a matter of law, of taking time-study men as a class out of the category of "employees" entitled to organizational privileges and putting them into the category of "supervisors" who were excluded from such privileges. We recognized, however, that in particular instances time-study men might be clothed with particular powers and duties of a supervisory nature in excess of those given to time-study men generally which would have the effect of putting them in the class of "supervisors" as that term is defined in the amended Act. Hence, since the Board had not made its findings with reference to the Act as amended, we set the Board's order aside and remanded the case to it in order that the Board might have an opportunity to make particular findings and reach specific conclusions "with direct reference to the present statutory situation" with respect to any peculiar powers and duties the respondent's time-study men might have which would differentiate them from time-study men in industry generally and put them in the class of "supervisors."

This the Board did in Supplemental Proceedings as a result of which it expressed itself as "convinced that the Respondent's time-study men are not distinguishable in their functions and responsibilities from time-study men in industry generally", and, on the basis of the whole record in the case, concluded "that the Respondent's time-study men fall entirely within the type and class of time-study men specifically intended by Congress not to be considered as 'supervisors' under the Act, as amended." Consequently it reinstated its original order of July 31, 1947, in all respects, and then brought this petition again seeking enforcement.

This court has already held, after careful consideration, that time-study men as a general class or category are "employees" within the meaning of the Act as it now stands amended, and hence are entitled to the organizational privileges conferred. Nothing in the briefs or arguments moves us to reconsider this conclusion, or to elaborate on what we said before. Our sole problem is, therefore, whether there is something unique or peculiar about the powers or duties of the respondent's time-study men in particular which takes them out of the class of time-study men in industry gen-

erally, and, by clothing them with supervisory functions, puts them in the class of "supervisors". The Board has answered this question in the negative, and an examination of the record discloses ample evidence to sustain that conclusion. Therefore in view of our previous opinion our function in the premises is performed.

A decree will be entered enforcing the order of the Board.